Case 1:26-cv-03527-PKC Document 8 Filed 05/21/26 Page 1 of 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEROME MALONE, derivatively on behalf of DEXCOM, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN R. SAYER, ET AL.,<br><br>Defendant(s). | Case No. 1:26-cv-03527-PKC |

**STIPULATION AND [~~PROPOSED~~] ORDER**
**TO STAY DERIVATIVE ACTION**

Plaintiff Jerome Malone ("Plaintiff"), derivatively on behalf of Dexcom, Inc., Kevin R. Sayer, Jacob S. Leach, Jereme M. Sylvain, Sean Christensen, Steven R. Altman, Nicholas Augustinos, Richard Collins, Karen Dahut, Rima Driscoll, Mark G. Foletta, Bridgette P. Heller, Kyle Malady, and Eric Topol ("Defendants" and, collectively with Plaintiff, the "Parties"), hereby stipulate and agree as follows:

WHEREAS, a class action alleging violations of the federal securities laws, *Prime v. Dexcom, Inc., et al.*, Case No.: 1:25-cv-08912 (S.D.N.Y.) (the "Securities Class Action"), was filed on October 27, 2025, and is currently pending in this Court;

WHEREAS, Plaintiff filed the above-captioned verified shareholder derivative action on behalf of nominal defendant Dexcom (the "Derivative Action") in this Court on April 28, 2026;

WHEREAS, there is substantial overlap between the facts and events alleged in the Securities Class Action and the Derivative Action, including the relevance of many of the same documents and witnesses, and several of the Defendants in this action are also named as defendants in the Securities Class Action; and

WHEREAS, the Parties have agreed that the Derivative Action should be stayed on the terms set forth below until the resolution of the Securities Class Action, and the exhaustion of any and all appeals therefrom, subject to the Parties' ability to move to lift the stay as set forth below in order to promote judicial economy, as well as conserve the resources of the Parties. THEREFORE, the Parties, through their undersigned counsel, hereby stipulate and agree, subject to the approval of the Court, as follows:

1. Undersigned counsel for Defendants are authorized to accept, and hereby do accept, service of the summons and Complaint in this Derivative Action for the Individual Defendants, without waiver of any defenses, objections, or arguments, except as to sufficiency of service of process.

2. The Derivative Action shall be stayed until the entry of a judgment terminating the Securities Class Action, and the exhaustion of any and all appeals therefrom.

3. Defendants shall promptly notify Plaintiff upon becoming aware of any derivative actions ("Related Derivative Actions"), demands made pursuant to 8 Del. C. § 220 ("Section 220"), or litigation demands ("Related Derivative Matters") related to the facts and circumstances alleged in the Derivative Action and the Securities Class Action.

4. Defendants shall provide Plaintiff with reasonable advance notice of any mediation of the Securities Class Action, and agree that they will not oppose Plaintiff's participation in any such mediation. If Plaintiff is not permitted to participate in such mediation, Defendants agree to mediation in the Derivative Action as soon thereafter as is practicable. Defendants further agree to they shall notify Plaintiff of any mediation and/or settlement discussions in any Related Derivative Action or in any Related Derivative Matter, including litigation demands and 220 demands, and to invite Plaintiff to participate in any such mediation and/or settlement discussions.

5. During the pendency of the stay, Defendants shall provide Plaintiff with copies of any documents produced by Defendants, responses and objections to document requests or interrogatories by Defendants, or deposition transcripts of Defendants, in each case as permitted under any applicable protective order entered in the Securities Class Action or a Related Derivative

Action, or pursuant to any Related Demand, subject to the Parties entering into an appropriate confidentiality agreement.

6. The Parties agree that notwithstanding this stay of this Derivative Action, Plaintiff may file an amended and/or consolidated complaint; however, Defendants shall not be required to answer or otherwise respond to any complaint that is filed in or consolidated with the Derivative Action during the pendency of this stay.

7. The Parties agree that if a plaintiff in any Related Derivative Action refuses to agree to a stay under similar terms, Plaintiff may lift this stay upon ten (10) business days' notice in writing to counsel for Defendants via email.

8. The Parties shall meet and confer regarding consolidation of any shareholder derivative action filed in, removed to, or transferred to this Court that any Party determines is related to this Derivative Action and an application for consolidation of such a shareholder derivative action may be made by Plaintiff, and may be ruled on, notwithstanding the stay, and an application for appointment of leadership for plaintiffs may be made by Plaintiff, and may be ruled on, notwithstanding the stay if such appointment by the Court has not already been made.

9. In the event that Defendants agree to terms or conditions in connection with any stipulation, agreement, or motion to stay a subsequently filed Related Derivative Action (as defined in the Stipulation), that are more favorable to the plaintiff(s) therein, those more favorable terms or conditions shall be deemed incorporated into this agreement.

10. The Parties shall, within fourteen (14) days of the expiration, or lifting, of the stay, submit a proposed schedule for further proceedings to the Court.

11. This Joint Stipulation is without waiver or prejudice to any and all claims, defenses, arguments, motions, or any requests for other relief that would otherwise be available to the Parties in the Derivative Action.

**IT IS SO STIPULATED.**

Dated: May 21, 2026

*/s/ Elizabeth Donohoe*
Timothy Brown
Saadia Hashmi
Elizabeth Donohoe
Zachary Benson
The Brown Law Firm, P.C.
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
tbrown@thebrownlawfirm.net
shashmi@thebrownlawfirm.net
edonohoe@thebrownlawfirm.net
zbenson@thebrownlawfirm.net

*Counsel for Plaintiff*

*/s/ Valerie Lozano*
Jesse Bernstein
Brenna Nelinson
Meg Sanborn-Lowing
Quinn Emanuel Urquhart & Sullivan, LLP
295 Fifth Avenue
New York, New York 10016
Tel: (212) 849-7000
Fax: (212) 849-7100
jessebernstein@quinnemanuel.com
brennanelison@quinnemanuel.com
megsanbornlowing@quinnemanuel.com

Valerie Lozano
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Tel: (213) 443-3000
Fax: (213) 443-3100
valerielozano@quinnemanuel.com

*Counsel for Defendants*

The Court reserves the authority to vacate or modify the stay at any time.

**SO ORDERED.**

DATED: 5-26-26

Hon. P. Kevin Castel, U.S. District Judge

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 21st day of May 2026, this document filed through the ECF system will be sent electronically to the registered participants on the Notice of Electronic Filing and paper copies will be sent to any non-registered participants.

*/s/ Elizabeth Donohoe*
Elizabeth Donohoe